# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:21CR112 (VLB) |
| | : | |
| v. | : | |
| | : | |
| RIGOBERTO MATEO-SILVA | : | October 13, 2022 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The government respectfully submits this Sentencing Memorandum in aid of the sentencing hearing of the defendant, Rigoberto Mateo-Silva (the "Defendant").

## I.   INTRODUCTION AND BACKGROUND

On July 6, 2021, a Federal Grand Jury returned an Indictment against Rigoberto Mateo-Silva and four co-defendants, charging them with conspiracy to distribute narcotics and related offenses. On July 20, 2022, Mateo-Silva pled guilty to Count One of the indictment charging him with conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). In the plea agreement, the parties agreed that the defendant's relevant and readily foreseeable conduct involved at least 3.5 kilograms, but less than 5 kilograms, of a mixture and substance containing cocaine. This results in a base offense level of 28. The parties agreed that three levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, which results in a total offense level of 25. The parties agreed that the defendant fell within Criminal History Category III. A total offense level of 25

and a Criminal History Category of III result in a Guideline imprisonment range of 70 to 87 months of imprisonment and a Guideline fine range of $20,000 to $5,000,000. This is consistent with the Guideline calculations in the Presentence Report (PSR). See PSR ¶¶ 76, 84.

Regardless of the Guidelines range ultimately determined by the Court, both parties reserved their rights to seek a departure or a non-Guidelines sentence, and both parties reserved their rights to object to a departure or a non-Guidelines sentence. Mateo-Silva agreed not to appeal or collaterally attack his conviction or sentence if his sentence does not exceed 70 months of imprisonment, a 4-year term of supervised release, a $20,000 fine, and a $100 special assessment. After sentencing, the government agreed to move to dismiss Count Three of the Indictment as to the defendant.

II.   **RELEVANT FACTS AND CIRCUMSTANCES**

The government agrees with the offense conduct set forth in the Presentence Report. See PSR ¶¶ 7-14.

III.  **DISCUSSION.**

The Government respectfully submits that the Court should impose a sentence of imprisonment within Mateo-Silva's Guideline imprisonment range for the reasons discussed herein.

Mateo-Silva was involved in very serious criminal conduct. As discussed in the PSR, Mateo-Silva conspired with others to import into Connecticut, and distribute within Connecticut, kilogram quantities of cocaine. Mateo-Silva and his

associates distributed the cocaine for profit in and around Connecticut. In addition, Mateo-Silva and his associates would send from Connecticut to California large amounts of U.S. Currency (i.e., narcotics proceeds) as payment for the cocaine.

There is no question that this is extremely serious criminal conduct. Addictive and dangerous narcotics like cocaine have had a devastating impact on people, families and communities throughout Connecticut. According to statistics provided by the Connecticut Medical Examiner's Office, the number of cocaine-related overdose deaths in Connecticut have increased dramatically over the past several years. In 2012, there were 105 accidental overdose deaths involving cocaine in Connecticut. In 2018, the number of accidental overdose deaths involving cocaine in Connecticut rose to 345. In 2019 and 2020, the number of cocaine-involved overdose deaths continued to rise. Specifically, in 2019 there were 463 overdose deaths involving cocaine in Connecticut and in 2020, there were 529 overdose deaths involving cocaine. Despite numerous summits and forums attended by concerned educators and parents, government officials, doctors, drug experts and law enforcement officers, the number of overdose deaths involving cocaine and other narcotics continue to rise each year in Connecticut. This is truly an epidemic. By participating in a conspiracy to import into Connecticut, and to distribute within Connecticut, kilogram quantities of cocaine, Mateo-Silva is exploiting and profiting from this epidemic. A prison sentence within Mateo-Silva's Guidelines imprisonment range would

appropriately reflect the seriousness of his criminal activity, promote respect for the law and provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A).

In addition, Mateo-Silva's history and characteristics, including his criminal history, support a sentence within his Guideline imprisonment range. Mateo-Silva's criminal history includes five convictions for illegal operation of a motor vehicle under suspension, a conviction for possession with intent to sell narcotics for which he received a sentence of time served (5 months and 16 days served), a second conviction for possession with intent to sell narcotics for which he was sentenced to 18 months in jail and a conviction for breach of peace in the second degree. See PSR ¶¶ 34-41.

Regarding his personal background and circumstances, Mateo-Silva was born in Puerto Rico to two deaf parents, who "were poor and unable to provide him with his basic needs." PSR ¶ 101. Mateo-Silva needed to "rely on his grandmother for food and support." Id. According to the PSR, Mateo-Silva's father "was an abusive alcoholic." Id. When Mateo-Silva was 7 years old, his family moved to Hartford and at the age of 18, Mateo-Silva moved to Philadelphia. See PSR ¶¶ 50-52. In both Hartford and Philadelphia, Mateo-Silva reportedly lived in poverty and was surrounded by drugs and violence. See id. Mateo-Silva dropped out of high school and he sold drugs to make money. See PSR ¶ 52. Mateo-Silva now has four children under the age of 12 with three women. See PSR ¶¶ 55-56. According to the CT Child Support Enforcement call-in line, Mateo-Silva owes $16,663.81 to the State of Connecticut. See PSR ¶ 59. Mateo-Silva has

a lengthy substance use history (see PSR ¶¶ 62-63), he has "not obtained his GED" (PSR ¶ 67) and he has an extremely limited employment history. See PSR ¶¶ 68-69. According to the PSR, "Mateo-Silva has been unemployed since 2013." PSR ¶ 68.

Further, a sentence to a term of imprisonment within Mateo-Silva's Guideline imprisonment range would send an appropriate message to the defendant and to others in the community that the Court will not tolerate a person (let alone a convicted felon) importing into Connecticut, and distributing within Connecticut, kilograms of cocaine. Nor will the Court tolerate people selling extremely large quantities of cocaine for profit within Connecticut. See 18 U.S.C. § 3553(a)(2)(B). As stated in the PSR, "Mateo-Silva's conduct in this case is a large escalation of conduct compared to his past criminal convictions. His actions in this case indicate that he has not been deterred by his prior convictions and the need for the sentence to deter Mr. Mateo-Silva from future [criminal] conduct is apparent." PSR ¶ 104.

In addition, a sentence within Mateo-Silva's Guideline range would help to avoid unwarranted sentencing disparities between Mateo-Silva and other similarly situated defendants. See 18 U.S.C. § 3553(a)(6).

Last, the government agrees that Mateo-Silva should take advantage of appropriate programming opportunities within the Bureau of Prisons. <u>See</u> PSR ¶¶ 92-97.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Geoffrey M. Stone*

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY
450 Main Street
Hartford, CT 06103
Telephone No. (860) 947-1101
Federal Bar No. CT25326

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2022, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Geoffrey M. Stone*

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY
